## Davis et al. v. Carr

*Arthur Eastburn, Jr.* and *George H. Detweiler*, for County, May term, 1947, no. 9.

*Donald B. Smith*, for defendant.

KELLER, P. J., January 5, 1948.—This matter is before us on preliminary objections filed by defendant to plaintiffs' complaint in the above-entitled action of trespass.

Plaintiffs brought this action against defendant to recover damages for personal injuries and property damage sustained as the result of a collision between plaintiffs' and defendant's automobiles on November 13, 1945, in Bucks County. Plaintiffs allege that the collision and resultant injuries and damages were directly attributable to the negligent and reckless manner in which defendant drove his automobile into the line of travel of plaintiffs' automobile, which was proceeding northwardly on the east side of York Road.

Defendant filed preliminary objections in accordance with Rule 1017(b) of the Rules of Civil Proce-

dure, which amount, in effect, to a motion for a more specific pleading. He assigns the following reasons:

1 and 2. That plaintiffs, Charles W. Davis and Katherine E. Davis, having alleged in paragraphs 3 and 4, respectively, of the complaint, permanent injuries and permanent impairment of health, they do not state the nature of the injuries which will or may be permanent.

3. That paragraph 5 of the complaint does not state the amount of the expenses to which plaintiff, Charles W. Davis, has been or will be put for medical, surgical, dental or other attention, or when and to whom he paid the expenses claimed.

4 and 5. That paragraph 6 of the complaint does not specifically set forth the nature of the damages to the automobile of Kenneth B. Davis, the other plaintiff, the cost of the repairs, when and to whom paid, or the depreciation in value.

6. That plaintiffs, Charles W. Davis and Katherine E. Davis, having averred pain and suffering and loss of earning power, the complaint fails to state what part of the claim is for pain and suffering and what part is for diminution of earning power.

Although under section 1 of the act of June 21, 1937, P. L. 1982, 17 PS §61, the effect of the Rules of Civil Procedure is to suspend the Practice Act of May 14, 1915, P. L. 483, as last amended (12 PS §§382 to 387, 389 to 393, 411, 491 to 494, 735, 737), absolutely, as well as all other acts or parts of acts inconsistent with the rules governing the action of trespass to the extent of such inconsistency, rule 1019, governing the contents of pleadings, is a substantial reënactment of the Act of 1915 as amended. Rule 1019(a) retains verbatim the language of section 5 of the Practice Act of 1915 and provides that "the material facts on which a cause of action or defense is based shall be stated in a concise and summary form." While Rule 1019 of the Rules of Civil Procedure no longer forbids the pleading of "evidence", "inferences" and "conclusions of law" as did

the Practice Act of 1915, it does not mean that they may now be pleaded with impunity but, on the contrary, may be treated as harmless surplusage and ignored by the opponent in preparing the responsive pleading.

We have been unable to find any reported decisions construing rule 1019 in its application to complaints in actions of trespass, and, therefore, we must be guided somewhat in passing upon the questions raised by defendant as to the sufficiency of plaintiffs' complaint by the decisions of the several courts construing the Act of 1915.

Good pleading requires that the opponent be sufficiently apprised of what he has to meet. Consequently, the functions of a complaint, declaration, or other pleading, are to put the defendant or other party on notice of what the pleader intends to prove at the trial and to define the issues. All that a plaintiff is required to set forth in his complaint is to plead every averment of a material fact upon which he bases his claim in a clear, concise and summary manner, but the evidence by which the material facts may be proven should not be included.

It is defendant's contention that plaintiffs' complaint does not properly or sufficiently describe the injuries for which the damages are claimed and, also, that the damages for the injuries mentioned are not sufficiently set forth and itemized.

We have carefully reviewed the pleadings in this case and are of the opinion that defendant's objections are not well founded. On the contrary, it is our conclusion that, tested by the well-established principles of construction, plaintiffs' complaint contains sufficient averments of basic material facts to fully inform and apprise defendant of the negligence complained of, personal injuries sustained, as well as the property damage, to enable him to make a defense thereto. More particularly, with reference to the alleged failure to state the nature of the injuries, suffice it to say that to

describe the injuries more specifically would be a matter of further diagnosis and prognosis, which are matters of evidence. Furthermore, the objections 3 and 6, that the complaint fails to state the amount of medical expense, when and to whom paid, and to segregate the damages claimed for loss of earning power and for pain and suffering, must be dismissed, as it obviously was impossible to provide this information at the time the complaint was filed, in view of the averment that plaintiffs were still suffering from the injuries sustained.

With reference to defendant's remaining objections, 4 and 5, that the complaint does not specifically set forth the nature of the damages to the automobile of Kenneth B. Davis, or the cost of repairs, when and to whom paid, nor the depreciation in value, this is not borne out by the complaint and cannot be sustained, unless we would construe the Procedural Rules to require a full itemization of all the damages sustained to the automobile which, in our opinion, they do not contemplate. Although there are decisions under the Practice Act of 1915 to the effect that plaintiffs' statement should set forth the amounts and dates paid, it is not always practical or possible to do so, because information is not available at the time it is filed. Moreover, we do not deem this of sufficient importance to require that they be specifically pleaded. As we interpret them, the whole purpose of the Procedural Rules is to avoid arbitrary and technical requirements of this kind and to limit the pleadings to a concise statement of the cause of action. It is only in cases where special damage is claimed that the averments of time, place and items must be specifically stated. See Pa. R. C. P. 1019 (*f*) and (*h*). In the proceeding before us, no special damages are claimed.

It is our conclusion that plaintiffs' complaint is in substantial requirement with the new Rules of Civil Procedure governing pleadings in actions of trespass

and, therefore, defendant's preliminary objections must be dismissed.

And now, to wit, January 5, 1948, defendant's preliminary objections to plaintiffs' complaint are dismissed, and defendant is given leave to file an answer to said complaint, if he so desires, within 20 days from this date.